ÁNGELA MACAYA MORALES, Appellant, *v.* THE REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. G-64-4.    Decided October 27, 1964.

*Benito A. Irizarry* for appellant. The Registrar appeared by brief.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The Superior Court, Mayagüez Part rendered judgment in a dominion title proceeding declaring that "ownership title had been established in favor of Ángela Macaya Morales, over the property described and object of this proceeding and, consequently, orders that it be recorded in the Registry of Property of San Germán, in favor of Ángela Macaya Morales and her deceased husband Andrés Matos Ramírez, a certified copy to that effect being issued by the clerk of this court." Upon presenting the decision to the Registrar of San Germán he refused to record and entered a marginal note which insofar as pertinent reads:

"Record of this document is hereby denied, for failure of the successors in interest of Andrés Matos Ramírez to have intervened in this proceeding. . . ."

Section 395 of the Mortgage Law, 30 L.P.R.A. § 737 (Supp. 1963), provides that "Any owner of property having no recordable title of ownership whatever the period of the acquisition may be, may record such ownership upon proving it . . ." under the formalities provided by law.

Morell maintains that "on behalf of the owner having no recorded title of ownership his lawful representatives may file a dominion title proceeding." Morell, V *Legislación Hipotecaria* 579 (1934). And referring to the possessory title proceedings, he states at p. 499 that "the proceeding may be filed by the father on behalf of his minor children; the husband, as interested party in obtaining the registration of his wife's property; the guardian on behalf of the minors or incapacitated persons represented by him; the

agent on behalf of his principal, establishing the agency; the lawful representatives of an institution or association on behalf thereof; the administrators of absentees' property, the referees in bankruptcy proceedings, administrators of testate or intestate inheritance, etc. in the interest of the person or entity represented by them; the universal executors or heirs, to establish the ownership in favor of a predecessor in interest." And, lastly, Galindo y Escosura in their IV *Comentarios a la Legislación Hipotecaria* 599 (4th ed. 1903) say that "on Jan. 11, 24 and 29, 1864 [the General Directorate of Registries] stated that the possessory title proceeding was recordable in favor of a deceased person in order that the heir could later record in his name . . . ." Although the Mortgage Law of 1861 only regulated the possessory title proceeding, *Rodríguez* v. *Registrar*, 65 P.R.R. 614 (1946); Roca Sastre, 2 *Derecho Hipotecario* 480 (1948 ed.) we see no difference as to who may file the proceedings in either the dominion or possessory proceeding. It is interesting to state that § 85 of the Mortgage Law Regulations, 30 L.P.R.A. § 943 provides that:

"Heirs and devisees cannot record in their favor real property or property rights not recorded in the names of their predecessors in interest. The property and rights coming under this head shall be recorded in the name of the deceased before being recorded in the name of the person to whom they may have conveyed. This record shall be made at the expense of the estate at the request of any of the persons interested, or of the representative of the department of public prosecution, if the inheritance is vacant.

"The previous record in favor of the predecessor in interest shall not be necessary with regard to real property or property rights which he may have acquired prior to July 1, 1915, provided such fact be made a matter of record by the means mentioned in Article 20 of the law."

Denial of record of title in this case might cause inconveniences to the widow in case the other co-owners, her

husband's heirs, should refuse to file the dominion title proceeding. On the other hand record of the predecessor's interest, in no way prejudices them, since they can be subrogated at the proper time in the share corresponding to them after complying with the requirements of the provisions of the Inheritance and Gifts Act, 13 L.P.R.A. § 881 *et seq.* (Supp. 1963); *cf. Morales, Widow of Fernández* v. *Registrar,* 48 P.R.R. 654 (1935). The present case is distinguishable from *González* v. *Registrar,* 70 P.R.R. 484 (1949) since in the chain of titles which served as grounds for the approval of the proceeding there is no acquisition by inheritance.

Since the proceeding may be filed in the name of the owner and of his representatives and title may be recorded in favor of the predecessor in order that the heirs may record it in their name, the note of the registrar is reversed and the record requested is ordered.